IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos.   CR-03-272-E-BLW |
| | ) | CV-05-009-E-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| FERNANDO LOPEZ-LEON, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in CV-05-009-E-BLW) and the Government's Motion to Dismiss (Docket No. 6 in CV-05-009-E-BLW).[1]

## REVIEW OF 28 U.S.C. § 2255 MOTION

### A.   Background and Summary of Claims

Defendant was charged in the Indictment (Docket No. 1) with one count of conspiracy to possess/distribute methamphetamine in violation of 21 §§ 841(a)(1) and 846 (Count 1) and one count of drug possession/distribution in violation of 21

---

[1] Unless otherwise noted, all further docket numbers will refer to the underlying criminal case, CR-03-272-E-BLW.

**Memorandum Decision and Order - 1**

U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 7).  Defendant had been arrested with his two co-Defendants following a drug transaction with a confidential informant in November of 2003.

Pursuant to a Plea Agreement (Docket No. 30), Defendant pled guilty to the possession count in return for the Government's dismissal of the conspiracy count. Defendant admitted in the factual basis of the Plea Agreement that he was involved in counter-surveillance for the subject drug transaction the day he was arrested. Defendant was sentenced to the statutory minimum term of imprisonment of 60 months.  Docket No. 59.  He did not appeal his sentence or conviction.

Defendant timely filed his § 2255 Motion alleging ineffective assistance of counsel at both the plea and sentencing stages of the proceeding, including the failure to obtain a departure based on criminal history, and entitlement to a post-conviction downward departure under U.S.S.G. § 5K2.19.

The Government contends that Defendant has not alleged sufficient facts to support his claims of ineffective assistance of counsel, that his allegations are contrary to his testimony at the plea hearing, that post-sentencing rehabilitative efforts are not an appropriate basis for a downward departure according to § 5K2.19, and that his lack of criminal history was reflected in his placement in Criminal History Category I.

**Memorandum Decision and Order - 2**

### B.     Standard of Law

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 petition at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and petition, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254

**Memorandum Decision and Order - 3**

Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record or if the allegations are vague, palpably incredible or frivolous. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).  However, where, assuming the truth of the specific factual allegations when viewed against the record, Defendant states a claim upon which relief could be granted, an evidentiary hearing is required to resolve any factual dispute before the Court can make a determination on the merits.  *See United States v. Leonti*, 326 F.3d 1111, 1116 (2003).

    **C.**    **Discussion**

        **1.**    **Ineffective Assistance of Counsel**

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice.  *See Strickland v. Washington*, 466 U. S. 668 (1984).  More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable

**Memorandum Decision and Order - 4**

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 697. *See also Bell v. Cone*, 535 U.S. 685, 695 (2002).

In order to establish deficient performance, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 686-87. Under the performance prong, there is a strong presumption that counsel's performance falls "with the wide range of reasonable professional assistance." *Id.* at 689. Under the prejudice prong, in assessing whether the result would have been different, the Court should consider "the totality of the evidence before the judge or jury." *Id.* at 695.

The *Strickland* two-part test is applicable to a case in which a defendant contends that his counsel was constitutionally inadequate during the guilty plea process. *Hill v. Lockhart*, 474 U.S. 54, 58 (1985). To show prejudice in the guilty plea context, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59. However, part of the prejudice

**Memorandum Decision and Order - 5**

determination is the likelihood a more favorable outcome at trial.  *Id.*

In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the *Strickland* test in either order.  *Strickland*, 466 U.S. at 697.  Furthermore, the Court need not consider one component if there is an insufficient showing of the other.  *Id.*

Defendant alleges in his § 2255 Motion (1) that he had told his attorney that he did not know that co-Defendant Amador was involved in drug dealing, (2) that on the day of his arrest he was merely a passenger in co-Defendant Penrod's car on their way to the grocery store to buy cigarettes, and (3) that he told his attorney that he wanted to go to trial because he knew that the Government could not prove its case.  Based on those statements, Defendant alleges ineffective assistance of counsel on the grounds that his attorney (1) did not have the experience to represent him and told him that he had to sign the Plea Agreement, (2) found it difficult to believe Defendant's claims and therefore encouraged him to sign the Plea Agreement to avoid a potential sentence of 10 years to life, and (3) failed to obtain a departure based on his lack of criminal history.

### a.     Plea Stage

A review of the record indicates that the Court engaged in a very extensive

**Memorandum Decision and Order - 6**

plea colloquy at the change of plea hearing held before United States Magistrate Mikel Williams. At that hearing, Judge Williams advised Defendant that failure to answer the Court's questions truthfully would subject him to prosecution for perjury. Plea Tr. 4:13-15. In response to the Court's questions, Defendant stated that he had an adequate amount of time to discuss the case with his attorney; that he was satisfied with his attorney's representation; that his attorney obtained from the Government their investigative reports, witness statements, and the like; and that he reviewed those documents with his attorney. Plea Tr. 7:2-13. He further testified that it was his independent decision to plead guilty after reviewing the Government's materials. Plea Tr. 7:14-17.

After being advised that the possession charge to which he intended to plead guilty carried a mandatory minimum sentence of 5 years and a maximum sentence of 40 years, Defendant entered his plea of guilty to Count 7. Plea Tr. 8:15-9:1. Defendant confirmed that he was entering his plea voluntarily, that no one had made any threats to him or forced him to plead guilty, and that no one had made any promises to him that he would receive a certain sentence. Plea Tr. 9:12-22.

Judge Williams then went over the terms of Defendant's Plea Agreement. Defendant testified that he had carefully reviewed the Plea Agreement with his attorney and that he had no questions about it. Plea Tr. 10:7-15. He agreed that

**Memorandum Decision and Order - 7**

the Government could readily prove that he knowingly aided and abetted the delivery of 21.3 grams of pure methamphetamine on November 5, 2003, consisting of engaging in counter-surveillance during a drug delivery.  Plea Tr. 18:14-19:20.  He specifically testified that he was in the car with co-Defendant Penrod acting as a lookout before and during the drug transaction engaged in by co-Defendant Amador on that date, and he explained the details surrounding the transaction in some detail.  Plea Tr.19:24-22:25.

Statements made in open court at the time of a plea carry a strong presumption of verity and are entitled to great weight.  *Chizen v. Hunter,* 809 F.2d 560, 562 (9th Cir. 1986) (citing *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977)); *see also U.S. v. Kazcynski,* 239 F.3d 1108, 1114-15 (9th Cir 2001) ("substantial weight" must be given to in-court statements).  Even though that presumption is not necessarily an insurmountable barrier to an evidentiary hearing, the "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  *Blackledge*, 431 U.S. at 74 (citations omitted).

Defendant's statements in his § 2255 Motion that he did not know co-Defendant Armador was involved in a drug dealing business and that he was only a passenger in the car with co-Defendant Penrod on their way to the store to buy

**Memorandum Decision and Order - 8**

cigarettes are unsupported by specifics and totally rebutted by the record. Specifically, these statements are directly contradicted by the observations of officers conducting surveillance, his statements to the investigating officers following his arrest (both counseled and uncounseled), his statement to the probation officer, the factual basis in the Plea Agreement, and his sworn testimony at the plea hearing.  At no time during the plea hearing did Defendant proclaim that he was an innocent bystander.  Rather, under oath, he admitted and described his involvement in the November, 2003 transaction.

    Defendant does not offer any facts to support his claim that his attorney told him he "had" to sign the Plea Agreement.  In fact, the § 2255 Motion is internally inconsistent because Defendant also alleges that his attorney simply "discouraged" him from going to trial and "encouraged" him to sign the Plea Agreement to avoid a 10-year mandatory minimum on the conspiracy charge.

    Defense counsel's alleged skepticism of Defendant's "story" in the face of the evidence and Defendant's admissions is justified.  Displaying competence rather an inexperience, rather than exposing Defendant to the risks of going to trial in the face of strong evidence of guilt, he secured dismissal of the conspiracy charge and opened the door to a three-level reduction in offense level for acceptance of responsibility.

**Memorandum Decision and Order - 9**

Defendant's contentions that he told defense counsel he wanted to go to trial because he "knew" the Government could not prove its case against him is likewise without merit. While Defendant may have made that statement to defense counsel, he offers no specifics regarding how he would have successfully defended the charges. Indeed, if he had gone to trial, Defendant would have more than likely been convicted of the possession charge, would have run the risk of being convicted on the conspiracy charge, and would not have had the benefit of an adjustment for acceptance of responsibility.

Defendant's allegations are inadequate to overcome the presumption of verity of his sworn testimony at the plea hearing.

### b. Sentencing Stage

To the extent that Defendant's claim that defense counsel did not have sufficient experience to represent him is intended to encompass the sentencing stage of the proceedings, that claim is likewise devoid of merit. A review of the record indicates that defense counsel was totally engaged in advocating for his client at sentencing. He filed objections to the Presentence Report (Docket No. 42) arguing for a 2-level safety valve adjustment (which would allow the Court to impose a sentence under the 5-year statutory mandatory minimum) and a 2- to 4-

**Memorandum Decision and Order - 10**

level adjustment for minor or minimal role in the offense,[2] filed a Sentencing Memorandum (Docket No. 57) furthering his objections, and competently argued those points at the sentencing hearing displaying a firm knowledge of the law and the issues.  The Government objected in briefing and at the sentencing hearing to the safety valve adjustment on the grounds that Defendant was not truthful when given the opportunity to provide the Government with all the information and evidence he had concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan as required by U.S.S.G. § 5C1.2, the safety valve guidelines.  The Government also strongly opposed any adjustment for role in the offense.

A review of the tape of the sentencing hearing indicates that the Court also viewed Defendant's attempted cooperation with the Government with a great deal of skepticism.  In fact, in denying the safety valve adjustment, the Court noted that it appeared that Defendant was trying *not* to give meaningful information.  The Court ultimately granted a 2-level reduction for minor role in the offense which would have reduced the sentencing range to 46 to 57 months.  However, that adjustment became moot because without the safety valve relief the Court was

---

[2] Defense counsel also objected to the drug quantity calculation.  However, the objection was moot because the offense level would have remained the same even if the Court had sustained his objection.

**Memorandum Decision and Order - 11**

bound to impose the mandatory minimum of 5 years.

At no time during the sentencing hearing did Defendant proclaim his innocence. To the contrary, during his allocution, Defendant apologized for his conduct and stated that he should not have been involved. Indeed, the length of his sentence was not the result of the lack of experience or ineffectiveness of his counsel. Rather, it was the result of his own failure to provide truthful and complete information to the Government.

### c.    Criminal History

Defendant's final allegation regarding ineffective assistance of counsel is that defense counsel failed to obtain a departure based on his criminal history. He claims that "never before in my life have I been involved or arrested. I had a clean conduct." Despite Defendant's claim that he had never been arrested, the Presentence Report indicates that he had been arrested and convicted for underage possession or consumption of alcohol (¶ 52) and that he had been arrested and charged in Madison County with delivery of a controlled substance (¶¶ 31 and 56) in addition to his arrest for this offense.[3] The Presentence Report placed him in criminal history Category I with zero criminal history points. That designation in

---

[3] The PSR's obvious rebuttal of Defendant's assertions regarding his total lack of criminal history adds to the Court's skepticism of the veracity of Defendant's claims.

**Memorandum Decision and Order - 12**

and of itself accounted for his relative lack of criminal history. There is no lower category.

### 2. Post-sentencing Rehabilitative Efforts

Defendant alleges that he is entitled to a post-conviction downward departure pursuant to U.S.S.G. § 5K2.19 based on his good conduct, enrollment in substance abuse classes, and completion of his G.E.D. requirements. Section 5K2.19 is a policy statement that post-sentencing rehabilitative efforts are *not* an appropriate basis for a downward departure. While Defendant's efforts are truly commendable, the Court cannot grant a downward departure on this ground.

## CONCLUSION

Defendant's allegations are conclusory, unsupported by specifics, and wholly incredible. As such, they do not adequately allege either ineffective assistance of counsel or resulting prejudice. Accordingly, the Court finds that it plainly appears from the face of his § 2255 Motion, together with the Government's Response, the transcripts, and the record of the prior proceedings, that Defendant is not entitled to relief.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant

to 28 U.S.C. § 2255 (Docket No. 1 in CV-05-009-E-BLW) is DENIED.

IT IS FURTHER HEREBY ORDERED that the Government's Motion to Dismiss (Docket No. 6 in CV-05-09-E-BLW) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Case No. CV-05-009-E-BLW is DISMISSED with prejudice in its entirety.

DATED: **May 17, 2006**

/s/ B. Lynn Winmill

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 14**